UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DAVID BALABU-BALABU (A#245-270-967)<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-06589-DAD-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

The undisputed record in this case demonstrates that Petitioner is a native and citizen of Venezuela who entered the United States on September 23, 2023 without being inspected by immigration officials. ECF No. 6-2. He encountered immigration officials several days later when he was issued a Notice to Appear ("NTA") in immigration court for being present without being admitted or paroled. ECF No. 1 at 1; ECF No. 6-2 (NTA). Petitioner was released on his own recognizance on that same day. ECF No. 1 at 12; ECF No. 6-1 at 4 (I-213 indicating that Petitioner was previously released). He "remained at liberty while [his] removal proceedings

continued, applied for asylum, and received authorization to work[.]" ECF No. 1 at 1, 17 (EAD valid from May7, 2025 until May 6, 2030). He does not have a criminal record and is not subject to an administratively final order of removal.

Immigration and Customs Enforcement ("ICE") again detained Petitioner on June 8, 2026, as part of a general immigration enforcement operation rather than an individually targeted operation. ECF No. 6-1 at 3-4. Petitioner was in a large group of people who were hanging out in a parking lot when they were surrounded by Border Patrol agents. ECF No. 6-1 at 3-4. On that same day, Petitioner was issued a Notice of Custody Determination indicating that he would remain detained "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act[.]" ECF No.6-3. On this form, Petitioner requested a custody redetermination hearing before an immigration judge. ECF No. 6-3 at 1. This custody redetermination hearing was scheduled for June 23, 2026. ECF No. 6-4. However, well in advance of that hearing date, Petitioner's immigration counsel of record filed a motion to withdraw for purposes of this bond hearing only. ECF No. 6-5. Neither Respondent nor the evidence submitted by Respondent explains why the immigration judge did not conduct the bond hearing on June 23, 2026. On August 20, 2026, after Petitioner filed the pending § 2241 petition, his custody redetermination hearing was rescheduled for August 31, 2026. ECF No. 6-6. Petitioner remains detained at the Central Valley Annex, located in this judicial district. ECF No. 1.

In his § 2241 application, Petitioner raises due process challenges to his redetention after having been previously released from immigration custody as well as his ongoing detention without being provided a bond hearing. ECF No. 1.

In its answer, Respondent takes the position that Petitioner's "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," but, in light of the decision in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. July 30, 2026), Petitioner is now "entitled to seek a custody redetermination hearing" pursuant to 8 U.S.C. § 1226(a). ECF No. 6 at 1.

**II. Analysis**

Respondent's answer ignores the evidence demonstrating that Petitioner was previously released by immigration officials on September 23, 2023. See ECF No. 6-2. Respondent does

not address this fact in its answer nor indicate how Petitioner violated the terms of his release. Moreover, Respondent's answer is contradicted by the record in this case for a number of reasons. At the time of his redetention in June 2026, immigration documents indicate that he was detained pursuant to INA § 236 which is codified at 8 U.S.C. § 1226. See ECF No. 6-3. Despite the agency's own records reflecting § 1226 as the basis for Petitioner's detention, Respondent argued in its answer that he was originally detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 1. Finally, Petitioner has not been provided the custody redetermination hearing to which he is statutorily entitled for a period of over two months. This bond hearing was only rescheduled after Petitioner filed a federal habeas challenge to his ongoing custody. Based on all of this, and for the reasons explained below, the undersigned recommends granting Petitioner's § 2241 application and ordering Respondent to immediately release him from immigration custody.

Turning to claim one of the § 2241 petitioner, Petitioner contends that he was deprived of any pre-deprivation hearing before being redetained by ICE. Based on his prior release by ICE, Petitioner has a protected liberty interest in his continued release. Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1175 (E.D. Cal. 2025) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). Although this would normally entitle Petitioner to a pre-deprivation hearing prior to his re-arrest, there are circumstances in the I-213 which indicate that such a hearing was not possible under the circumstances. See ECF No. 6-1 at 4 (noting "an exhaustive search with ATVs, CBP Air and Marine Operations, and K9, agent were able to apprehend fifteen people"). Therefore, under the unusual circumstances present in this case, the undersigned finds that Petitioner was entitled to a post-deprivation hearing following his arrest by ICE agents on June 8, 2026. Since not even a post-deprivation hearing was provided to Petitioner, the undersigned finds that Petitioner was denied his Fifth Amendment right to due process, entitling him to immediate release from immigration detention.

Regarding count two of the § 2241 petition, Respondent conceded in the answer that in light of Rodriguez Vasquez, Petitioner's detention is governed by 8 U.S.C. § 1226(a). This statute provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ

under 8 C.F.R. § 1236.1(d). However, Petitioner was denied those statutory protections for over two months in this case even though DHS documents recognized his right to a bond hearing. Denying Petitioner his right to a § 1226(a) hearing for this length of time constitutes a separate and independent procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right"). In order for § 1226(a) to satisfy due process, a noncitizen must actually receive the bond hearing provided for by that statute. Acknowledging on paper that Petitioner is entitled to such a hearing, but then denying it in practice, as occurred in this case, does not comply with due process. In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Therefore, the undersigned finds that Petitioner is also entitled to habeas relief for count two.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner MIGUEL DAVID BALABU-BALABU (A#245-270-967) from their custody under the same conditions that he was subject to prior to his redetention on June 8, 2026.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondent

may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Central Valley Annex Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE