UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL DAVID BALABU-BALABU,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-06589-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 7)

Petitioner Miguel David Balabu-Balabu is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 7.) Specifically, the magistrate judge found that petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), and that the failure to provide him a bond hearing pursuant to § 1226(a) for several months rendered an order requiring his release the only appropriate remedy. (*Id.* at 2–4.) The pending findings and recommendations were served on the

/////

parties and contained notice that any objections thereto were to be filed within three (3) days of service. (*Id.* at 5.)

On August 31, 2026, respondent filed objections to the findings and recommendations. (Doc. No. 8.) Therein, respondent states that petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a) on August 31, 2026. (*Id.* at 1.) Respondent also argues that the magistrate judge omitted specific facts regarding the circumstances surrounding petitioner's arrest in the background section of the findings and recommendations. (*Id.* at 2.) Specifically, respondent states that "[t]he background omits that a concerned citizen called with a complaint that these individuals had been causing problems at a nearby gas station and requesting a law enforcement response[]" and that "the individuals fled as soon as a Border Patrol Agent rolled down his window to speak with one of the 20-30 individuals, is potentially relevant to whether Petitioner constitutes a flight risk." (*Id.*)

Even assuming the above information is relevant to a flight risk determination, petitioner was detained without being provided a bond hearing for nearly three months. While "there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate[,]" *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025), petitioner's detention for nearly three months without the conducting of a bond hearing to which he was statutorily entitled simply does not comport with due process. *K.G.M.Q. v. Bondi*, No. 2:26-cv-00506-TL, 2026 WL 962609, at *9 (W.D. Wash. Apr. 9, 2026) ("Moreover, even if a 'prompt post-deprivation hearing' was in line with due process, which this Court finds it is not, Petitioner's hearing was not 'prompt,' within the meaning of *Martinez Hernandez*, as Petitioner's bond hearing occurred three months after he was arrested."). Accordingly, the court rejects respondent's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

/////

For the reasons explained above,

1. The court ADOPTS the findings and recommendations issued on August 28, 2026;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Miguel David Balabu-Balabu, A-File No. 245-270-967, from respondent's custody under the same conditions, if any, he was subject to prior to his re-detention on or about June 8, 2026;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Center; and
4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 8, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE